13358

STATE v. CAMPBELL

(162 S. E., 770)

*Messrs. J. O. Havird* and *H. C. Miller,* for appellant.

*Mr. L. W. Harris, Solicitor,* for respondent.

February 29, 1932.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

The appellant, Campbell, and one Paul Galloway were jointly indicted and tried for violation of the prohibition

law, and were convicted of having in possession and transporting alcoholic liquors, the indictment charging these offenses in two separate counts. Campbell appeals and complains of the following instruction to the jury: "Your verdict may be one of several. If both of these defendants had in their possession and transported alcoholic liquors, then they are guilty on counts one and two. Or, they may be guilty on one count, or one may be guilty and the other not guilty on one or more counts, just as your estimation of the value of the testimony dictates."

The specification of error is that "this language was prejudicial for the reason that it was misleading and confusing, and gave the jury the impression that one or the other of the defendants were guilty, if not both, and that it was their duty to so find."

The question presented is without substantial merit. We do not think that the language used is susceptible of the construction given it by the appellant. While the trial Judge, in that connection, did not tell the jury they could find both of the defendants not guilty on both counts, it cannot be doubted, when the charge is read as a whole, that the jury fully understood that they should acquit the defendants if the State failed to prove the charges as laid in the indictment. The Court instructed them that "all the material allegations or elements of the indictment must be established to your satisfaction by the evidence in the case, beyond a reasonable doubt, before you can find the defendants or either of them guilty."

The judgment of the Circuit Court is affirmed.

Mr. Chief Justice Blease and Messrs. Justices Carter and Bonham concur.

Mr. Justice Cothran did not participate on account of illness.